# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**TIMMY DALE WHITAKER**                                           **PLAINTIFF**

**v.**                                                           **No. 1:09CV196-D-A**

**SHERIFF CHARLES RINEHART, ET AL.**                       **DEFENDANTS**

## REPORT AND RECOMMENDATION

On December 14, 2009, plaintiff Timmy Dale Whitaker appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

The plaintiff claims that on November 4, 2008, the defendants violated the Eighth Amendment prohibition against cruel and unusual punishment by placing the plaintiff with five other inmates overnight in a holding cell with no bed or mattress and only one narrow bench. According to plaintiff, he had sustained serious injuries in an automobile accident, including a broken neck, and had just been released from lengthy hospitalization upon his arrest. Plaintiff contends that he slipped in the cell and was injured as a result of water leaking from the toilet of the cell, a perennial problem which had given rise to previous injuries of which defendants Charles Rinehart (Alcorn County Sheriff) and Alcorn County Jail Administrator Jeff Mills had

---

[1] 28 U.S.C. § 1915(g).

knowledge. The plaintiff acknowledged during the *Spears* hearing that defendants Betty Strickland and Chris Webb had no involvement in this case other than being present. As such, the undersigned respectfully recommends that these defendants be dismissed from the case. The plaintiff's claims against defendants Rinehart and Mills will, however, proceed.

## Handling of Objections, Acknowledgment of Receipt

The court refers the parties to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure should any party wish to file objections to these findings and recommendations. Objections must be in writing and must be filed within fourteen (14) days of this date. "[A] party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this 15th day of December, 2009.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE