IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TIMMY DALE WHITAKER                                    PLAINTIFF

V.                                                                   NO. 1:09CV196-D-A

SHERIFF CHARLES RINEHART, et al.                       DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration on Plaintiff's motion for a temporary restraining order.

### Factual and Procedural Background

On August 3, 2009, the Plaintiff, an inmate filed a 1983 *pro se* complaint challenging the conditions of his incarceration. In his complaint, the Plaintiff sufficiently stated a claim for a violation of the Eighth Amendment prohibition against cruel and unusual punishment. Since the filing of the complaint, the Plaintiff was afforded a *Spears* hearing, the Defendants have answered and the parties have exchanged a substantial amount of discovery. The Plaintiff has now filed a motion for preliminary injunction asking to be released from "lock down" and transferred to Parchman.

### Preliminary Injunction

It is well settled that a party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th

Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). This court pays more than lip service to the axiom that a preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

Here, the Plaintiff cannot satisfy any of the elements necessary for the issuance of an injunction. Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). The court, therefore, will not intercede in the Plaintiff's custodial or housing arrangements. The motion for a preliminary injunction is denied.

A separate order in accordance with this opinion will be entered.

THIS the 13th day of September, 2010.

SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI