IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TIMMY DALE WHITAKER                                                            PLAINTIFF

V.                                                                       NO. 1:09CV196-D-A

SHERIFF CHARLES RINEHART, et al.                                              DEFENDANTS

## MEMORANDUM OPINION

Presently before the court is the Defendants' motion for summary judgment. The Plaintiff has responded and this matter is ripe for review.

*A. Factual Background*

The Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In his complaint, the Plaintiff attempted to state a claim for deliberate indifference to inmate safety under the Eighth Amendment. On November 4, 2008, Whitaker was arrested and placed in a holding cell at the Alcorn County Jail. The month prior to his arrest, Whitaker was injured in an automobile accident. He claims that the he was still recovering from these injuries on the day he was arrested.

On the morning of November 5, 2008, Whitaker slipped in some water and fell in the holding cell allegedly exacerbating his existing injuries. Whitaker was immediately taken to the hospital and treated. Upon his discharge he was transported to another prison and never returned to the Alcorn County Jail. The Plaintiff alleges that the water came from a leaking toilet in the holding cell. He further contends that the leaking toilet posed a significant safety risk to inmates and that the Defendants knew about the leak but did nothing to repair it or make it safe for inmates.

The Plaintiff also alleges that he was denied a mattress on this one night in Alcorn County Jail.

The Defendants have now filed a motion for summary judgment, arguing that at best the Plaintiff has stated a claim of negligence which is not a valid 1983 claim. Additionally, the Defendants assert that the state law claim also fails because the Plaintiff has not given the requisite notice.

## B. Standard for Review

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

*C. Discussion*

Deliberate Indifference

This case presents the with what is essentially a failure to protect claim arising under the Eighth Amendment. When reviewing such claims, the Fifth Circuit has stated that "the 'deliberate indifference' standard [is] the proper standard to apply in the context of convicted prisoners who claim [ ] a failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). The standard is the same for other types of conditions of confinement claims, such as unsafe holding areas. *Wilson v. Seiter*, 201 U.S. 294, 303-04, 111 S. Ct. 2312, 115 L. Ed. 2d 274 (1991). The Supreme Court has held this standard is not met "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811 (1994).

Here, the facts of this case simply fail to rise to the level of deliberate indifference. It is true that the alleged leaking toilet had been repaired several months prior to Whitaker's fall. There is, however, no proof as to the type of repair that was performed. In any event this proof of repair does nothing to bolster the Plaintiff's claim. Rather it shows the Defendants' ability to maintain the facility. Other than the Plaintiff's own averments, there is no proof that the Defendants knew that the toilet was leaking. Furthermore, even assuming the Defendants did know about the leak would not necessarily save the Plaintiff's claim. The existence of water on the floor does not in all instances create a "substantial risk of serious harm." *See Widner v. Aguilar*, No. 10-10205, 2010 WL

3

4269222 at *1 (5th Cir. Oct. 27, 2010) (prison officials not liable for plaintiff's fall after ordering inmate to walk down stairs while handcuffed and wearing wet shower shoes). Therefore, his Eighth Amendment claim arising out of the slip and fall is not cognizable under 1983.

As for his claim of being denied a mattress, the Eight Amendment does not mandate comfortable prisons; nevertheless, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). "[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Wilson v. Lynaugh*, 878 F.2d 846, 849 n.5 (5th Cir.), *cert. denied*, 493 U.S. 969, 110 S. Ct. 417, 107 L. Ed. 2d 382 (1989) (citations omitted). It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). A prisoner plaintiff seeking relief under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. 42 U.S.C. § 1997e(e).

Here, the Plaintiff's grievance regarding the lack of a mattress is simply insufficient to state a claim. The denial of a sleeping mat for one night, while certainly uncomfortable, does not rise to the level of an egregious deprivation of a minimal life necessity that was so inhumane as to give rise to a constitutional violation. *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999); *Phillips v. East*, 81 Fed. Appx. 483, 2003 WL 22770162 at *2 (5th Cir. Nov. 24, 2003) (denial of a mattress and blanket for two days does not establish a constitutional violation). Moreover, the Plaintiff did not

4

allege any injury much less a *de minimis* injury as a result of being allegedly being denied a mattress. The Plaintiff has failed, therefore, to demonstrate a genuine issue of material fact. *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).

At best, the Plaintiff has stated a claim of mere negligence, rather than malicious or wanton conduct, which is plainly insufficient raise a constitutional issue. *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Hare v. City of Corinth, MS*, 74 F.3d 6333, 647-48 (5th Cir. 1996). Hence, there is no genuine issue of material fact worthy of a jury's consideration. Summary judgment shall be entered in favor of the Defendants.

## Mississippi Tort Claim

To the extent the Plaintiff may have attempted to bring a claim under the under the Mississippi Tort Claims Act ("MTCA"). Miss. Code Ann. § 11-46-11(2), his complaint also fails. The MTCA requires that any person with a claim for injury against a governmental entity or its employee must give ninety days notice of the claim. *Id.* Notice of the claim must be in writing and delivered in person or by registered or certified mail. *Id.*; *Parker v. Harrison County Bd. of Sup'rs*, 987 So.2d 435, 440-41 (Miss. 2008) (verbal notice is not sufficient). Courts have interpreted the statute as demanding "strict compliance" with the notice requirement. *See Univ. Of Miss. Med. Center v. Easterling*, 928 So.2d 815, 819-20 (Miss. 2006); *Montgomery v. Mississippi*, 498 F. Supp. 2d 892, 905 (S.D. Miss. 2007). "The ninety-day notice requirement . . . is hard-edged, mandatory rule which the Court strictly enforces." *Easterling*, 928 So.2d at 820. The notice of a claim requirement is a "condition precedent to the right to maintain an action." *Gale v. Thomas*, 759 So.2d 1150, 1159 (Miss. 1999). The timely filing of the notice is a "jurisdictional prerequisite." *Id.*

There is no dispute that the Plaintiff failed to provide any notice of his claims prior to filing this civil action. The failure to provide notice under the MTCA is a fatal defect. Accordingly, summary judgment shall be granted in favor of the Defendants as to any alleged or potential state law claim.

*D. Conclusion*

In conclusion, the court finds that there is no genuine issue of material fact which requires a jury's consideration. F.R.Civ.P. 56. Viewing the facts in a light most favorable to the Plaintiff, his injuries were caused by nothing more than negligence and his own lack of reasonable care. To the extent his claims may have been proper under the MTCA, he has failed to comply with that statute's notice provisions. Accordingly, the motion for summary judgment shall be granted.

A final judgment will be entered in accordance with this opinion.

This the 24th day of February, 2011.

/s/ Glen H. Davidson
SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI